## SUPREME COURT.

SILAS H. MARKS agt. GEORGE REYNOLDS.

LOUISA M. WRIGHT agt. GEORGE REYNOLDS.

A defendant may *confess judgment* (*Code*, §§ 382-3) to secure contingent liabilities of the plaintiff himself, and *as trustee* for other similar creditors; the statement specifying the trust, and the particular claims of each, and the plaintiff agreeing in writing to act as such trustee.

*Erie Special Term, November,* 1860.

MOTION by Mrs. Wright to vacate and set aside the judgment in favor of Marks.

The judgment in favor of Marks was upon confession, without action, for $8,345, to secure against the contingent liabilities of Marks, who was the indorser of notes made by Reynolds, amounting to $4,450; and, "also, for the purpose of securing the said Silas Marks, as trustee, in behalf of John Van Horn and George R. Keep, against contingent liability arising out of the following facts." It is stated that Van Horn and Keep had indorsed for Reynolds certain promissory notes, which are particularly specified, amounting to $3,335;" "also, for the purpose of securing the said Silas H. Marks, as trustee in behalf of Augustus Keep and George R. Keep, against contingent liabilities," &c. It is stated that Keeps' indorsed for Reynolds a certain note specified, amounting to $560. It is declared in the statement authorizing the judgment, that "the judgment and confession are to be held by Marks in his own right as to the contingent liabilities assumed by him, &c.; and to be further held by Marks in the right and behalf of Van Horn and Keep as to the contingent liabilities assumed by them as indorsers, &c.; and to be further held by Marks in the right and behalf of Augustus Keep and George R. Keep as to the contingent liabilities assumed by them as indorsers, &c."

The statement was properly verified, and Marks agreed in writing to take and hold the judgment upon the terms,

and for the purposes expressed. The judgment was entered and docketed August 19, 1858. Mrs. Wright's judgment was recovered in an action, and entered and docketed November 6, 1858.

C. THAYER, *for Mrs. Wright.*

G. D. LAMONT, *for Marks.*

MARVIN, Justice. The counsel for Mrs. Wright made several objections to the sufficiency of the statement upon which the judgment to Marks was entered; but, in my opinion, none of them were well founded, unless the one arising upon the facts, appearing from the above statement, is of that character.

The question is, may a judgment be confessed to one person in trust for another, the trustee and the trust being created and declared in the written statement authorizing the judgment? By the Code a judgment may be confessed " to secure any person against contingent liability on behalf of the defendant," in the manner prescribed. There must be a statement in writing, signed by the defendant, and verified. " If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and must show that the sum confessed therefor does not exceed the same." Sections 382, 383.

The decision of the question must, I think, depend upon the construction to be given to these provisions of the Code. I am not aware that, prior to the Code, there was anything in our law prohibiting the confession of a judgment to one person, which should be for the benefit of another. Our statute (2 *R. S.*, 137, §1) makes void a " decree or judgment suffered, with intent to hinder, delay or defraud creditors, or other persons of their lawful suits," &c. This statute does not affect the question. Prior to the Code the action was required to be in the name of the party *legally* interested. In actions upon contracts, other than commer-

cial paper, the action must have been in the name of the party to the contract, though he may have assigned it, and the recovery would be for the benefit of the assignee. Now the action is to be prosecuted in the name of the real party in interest, except as provided in sections 113, 111. By section 113, executors, administrators and certain trustees, and persons authorized by statute, may sue in their own names ; and a person with whom, or in whose name a contract is made, for the benefit of another, is included.

These principles and provisions do not embrace the case; they relate to parties to an action; but it is proper to consider the state of the general law touching parties to actions, in giving constructions to the provisions relating to the confession of judgments, without action; and in doing so we see that there is nothing in the law, in principle, inconsistent with the confession of a judgment to one person for the benefit of another. The Code authorizes a judgment by confession to be entered, " to secure any person against contingent liability on behalf of the defendant." This authority is general—to secure " any person." It does not declare that the judgment shall be confessed to the person to be secured, and not to any other person for his benefit. The third subdivision of the next section, however, declares that " if it (the judgment) be for the purpose of securing the plaintiff against a contingent liability, it (the statement) must state concisely the facts constituting the liability, and must show that the sum confessed therefor did not exceed the same." Here the word *plaintiff* is used " for the purpose of securing the plaintiff against a contingent liability." If we give this clause a literal and controlling construction, it will, I think, follow that those parts of the judgment intended to secure Van Horn and Keep, and Keep & Keep against contingent liabilities, cannot be sustained. Regarding Marks as the sole plaintiff, it cannot be said that he had incurred any contingent liability upon the notes not indorsed by him.

I am inclined to think, in view of the whole statute, that a more liberal construction should be given. In the present case three classes of persons incurred contingent liabilities on behalf of the defendant, and a judgment was confessed to one of them, to secure him against his contingent liabilities, and also to secure each of the other classes of persons for their contingent liabilities, the person to whom the judgment was confessed consenting to act as the trustee of the others. The intent and spirit of the statute have been complied with; full information has been given; subsequent judgment creditors have not been injured. If, instead of one judgment, there had been three, no question could be raised. Why, then, under such circumstances, require three judgments instead of one? It was suggested upon the argument that the word "plaintiff" ought to be construed as meaning the persons, for the purpose of securing whom the judgment was confessed; or, by referring to the previous section, which contains the authority to enter judgment by confession, read the clause in question: "If the judgment be for the purpose of securing *any person* against a contingent liability," &c. In other words, that the word *plaintiff*, as here used, is simply a substitute for "any person," as used in the previous section; and I am inclined to think that such construction should be given. It can hardly be claimed that it was intended, by the use of the word *plaintiff*, to abrogate the law previously existing, which permitted the confession of judgment to one person for the benefit of another.

If I am wrong in the views here expressed, it will not follow that the entire judgment is void as to Mrs. Wright. It is valid so far as the contingent liabilities of Marks are concerned. (*McKee* agt. *Tyson*, 10 *Abb.*, 392.)

I have concluded, upon the whole, to deny the motion, without costs.